**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEVEN & SHARON MCKENNA,** | : | Civil Action No. 22-03221 |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **RIDLEY TOWNSHIP, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

### ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of the Motion to Dismiss Plaintiffs' Complaint on behalf of Defendants, Prospect Park d/b/a Prospect Park Police Dept. and Chief David Madonna, and any response thereto, it is hereby ORDERED and DECREED that: the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED and all claims against Prospect Park d/b/a Prospect Park Police Dept. and Chief David Madonna are dismissed with prejudice.

BY THE COURT:

_____
KAREN S. MARSTON, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEVEN & SHARON MCKENNA,** | : | Civil Action No. 22-03221 |
| **Plaintiffs,** | : : | |
| v. | : : | **JURY TRIAL DEMANDED** |
| **RIDLEY TOWNSHIP et al.,** | : : | |
| **Defendants.** | : | |

**MOTION FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OF DEFENDANTS, PROSPECT PARK D/B/A PROSPECT PARK POLICE DEPT. AND CHIEF DAVID MADONNA**

Moving Defendants are Prospect Park d/b/a Prospect Park Police Dept. and Police Chief David Madonna. Moving Defendants respectfully request that Plaintiffs' Complaint be dismissed with prejudice as to the Moving Defendants. Moving Defendants incorporate by reference the attached Memorandum of Law as though the same were set forth at length hereinafter.

Respectfully Submitted,
**HOLSTEN ASSOCIATES, P.C.**

BY: **RPD2724**_____
**ROBERT P. DIDOMENICIS, ESQUIRE**
Attorney ID No. 30482
115 N. Jackson Street
Media, PA 19063
(610) 566-7583
rdidomenicis@holstenassoc.com
**Attorney for Defendants, Chief David Madonna and Prospect Park d/b/a Prospect Park Police Dept.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN & SHARON MCKENNA,** | : | Civil Action No. 22-03221 |
| **Plaintiffs,** | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| **RIDLEY TOWNSHIP, et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS
ON BEHALF OF DEFENDANTS, PROSPECT PARK D/B/A PROSPECT
PARK POLICE DEPT. AND CHIEF DAVID MADONNA**

I. **INTRODUCTION**

On August 12, 2022, Plaintiffs filed a Complaint in this court asserting claims against multiple defendants including the Borough of Prospect Park d/b/a Prospect Park Police Dept. and its Police Chief, David Madonna. Moving Defendants herein were served on Wednesday, August 24, 2022. Moving Defendants assert that the allegations of Plaintiffs' Complaint fail to state a claim upon which relief can be granted.

II. **FACTS**

Plaintiffs were out of the county visiting friends when they received a call from their neighbor that police had broken down the front door to their residence at 633 Clymer Lane in Ridley Park. (¶20-21). Plaintiffs allege that Ridley Township Police Department had received a report of a shooting at 663 Clymer Lane in Ridley Park and that a victim was laying on the ground in the rear of the property with multiple gunshot wounds. (¶22). Officers went to that location and secured the scene. (¶23). A separate contingent of Police Officers, the Defendants, are alleged to have gone to Plaintiffs' property at 633 and knocked on the front door and entered

that premises. (¶24-25). Plaintiffs allege that after realizing they entered the wrong property, they exited but re-entered and let non-officers enter as well without authorization. (¶26). Defendants left the property without communicating with Plaintiffs or leaving information for the Plaintiffs and have never communicated with them, apologized or compensated Plaintiffs for the damage to the residence. (¶27-28). Plaintiffs had a ring camera that recorded the arrival and departure of police and a contractor at various times between 6:56 p.m. and 8:18 p.m. (¶30). The camera depicts police knocking, ringing the bell and kicking in the door, leaving the door unsecured on two occasions, and the Complaint notes that in addition to multiple police officers, their neighbor also entered their house with police as well as a paramedic opening the door looking for the victim. (¶30). When Plaintiffs returned home their door was broken and the interior framing damaged and in pieces. (¶31). Plaintiffs claim that their neighbors say that the incident was not the first time that the Ridley Township Police entered into the wrong residence in recent years. (¶35).

## II.     COUNTS ASSERTED IN THE COMPLAINT

Plaintiffs present a six count Complaint against Moving Defendants and others including multiple John Doe Defendants. Counts I through V are asserted against various John Doe Defendants and include claims for illegal entry and search, failure to intervene and trespass. Count VI asserts a Monell claim against the Borough of Prospect Park and Co-Defendant, Ridley Township. There are no specific factual allegations made against Prospect Park Police Chief David Madonna.

In Count VI, Plaintiffs assert that discovery is needed and they expect that discovery will reveal a systematic failure on the part of Prospect Park Police Dept. to create sufficient practices and procedures regarding its officers responding to the correct address especially when entering

a residence without a "subpoena" and, likewise, that its officers are not trained properly under the same circumstances and are not disciplined for unlawfully entering a citizen's residence. (¶61).

## III. STANDARD OF REVIEW

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. See F.R.Civ.P. 12(b)(6). When considering such a motion, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." See DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 215 (3d Cir.2007).  To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."   See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." See Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

## IV. ARGUMENT

### A. PLAINTIFFS CANNOT ESTABLISH A VIABLE MONELL CLAIM

Count VI asserts a Monell claim against Prospect Park Borough and presumably against Chief David Madonna although he is not identified in the caption of the count.  Plaintiffs fail to assert sufficient facts to allege a Monell claim and only assert conclusory allegations.  There is no allegation that Chief Madonna participated in the incidents alleged in the Complaint.

A municipality can be liable only when a constitutional violation results from an official policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipal "policy" exists "when a 'decision-maker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." See, Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990). A municipal "custom" arises when, "though not authorized by law, such practices of state officials [are] so permanent and well settled as to virtually constitute law." Id. To state a claim under a "policy" or "custom" theory, a plaintiff must "identify a custom or policy, and specify what exactly that custom or policy was." See, McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009).

A single decision by a municipal official may constitute "policy" under Monell, but only if the official is responsible for establishing final policy with respect to the subject matter in question. See, Pembaur v. Cincinnati, 475 U.S. 469, 481-82, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). A "custom" "requires proof of knowledge and acquiescence by the decision-maker." See, McTernan, 564 F.3d at 658. An official has final policy-making authority only if he or she has "final, unreviewable discretion" to make decisions respecting such activity. See, Andrews, 895 F.2d at 1481; Pembaur, 475 U.S. at 483; Koltonuk v. Borough of Laureldale, 443 F.Supp.2d 685, 699 (E.D.Pa. 2006). Whether an official has such authority is ultimately a question of state law. See, Pembaur, 475 U.S. at 483, 106 S.Ct. 1292.

A plaintiff asserting liability for inadequate training "must identify a failure to provide specific training that has a causal nexus with his or her injury and must demonstrate that the failure to provide that specific training can reasonably be said to reflect a deliberate indifference to whether constitutional deprivations of the kind alleged occur." See, White v. City of

4

Philadelphia, 2012 WL 28074, *3 (E.D.Pa.), citing Colburn v. Upper Darby Twp., 946 F.2d 1017, 1030 (3d Cir. 1991). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference" under a failure to train theory, except for the "narrow range of Canton's hypothesized single-incident liability." See, Connick v. Thompson, 131 S.Ct. 1350, 1360-61, 179 L.Ed.2d 417 (U.S. 2011). "It would be hard to overstate the narrowness of this 'rare' liability category." See, Kean v. Henry, 2012 WL 646053, *6 (E.D.Pa. 2012).

A claim of municipal liability will survive a motion to dismiss only if it "allege[s] conduct by a municipal decision-maker." See, McTernan, 564 F.3d at 658. The Third Circuit has made it clear that "absent the conscious decision or deliberate indifference of some natural person, a municipality, as an abstract entity, cannot be deemed in violation by virtue of a policy, a custom, or a failure to train." See, Simmons v. City of Phila., 947 F.2d 1042, 1063 (3d Cir. 1991). Thus, a plaintiff claiming municipal liability under § 1983 "must both identify officials with ultimate policymaking authority in the area in question and adduce scientier-like evidence…with respect to them." Id. at 1062.

Furthermore, bald, conclusory allegations of municipal liability cannot survive a demurrer as "formulaic recitation of the elements of a cause of action will not do." See, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); See also, Kean, supra. at *7 (E.D.Pa. 2012) ("As with his practice or custom claim, Kean's failure to train claim must fail because he alleges no facts to show deliberate indifference, despite applying the appropriate legal jargon to label it as such."); Becerril v. Mancini, 2008 WL 5250272 (E.D.Pa.) (where the Court dismissed a Monell claim on the ground that general allegations of unlawful policies and/or

5

practices were insufficient); Hart v. Tannery, 2011 WL 940311, *9 (E.D.Pa.) ("A declaration that Defendants' actions rose to the level of an official policy or custom is insufficient to support liability under § 1983."); Winslow v. the Borough of Malvern PA, 2009 WL 4609590, *6 (E.D. Pa.) ("These are merely formulaic recitations of the elements of a Monell claim and, under Twombly, are insufficient to withstand a motion to dismiss.").

Accordingly, Plaintiffs have failed to allege factual allegations of a municipal policy, practice or custom or even a failure to train or discipline which would establish a viable claim and, therefore, Count VI should be dismissed.

### B.   PROSPECT PARK POLICE DEPT. IS NOT AN APPROPRIATE DEFENDANT

It has been clearly established that a police department is only an arm of a municipality through which its law enforcement functions are carried out and, therefore, a police department is not a proper defendant. See Johnson v. City of Erie, 834 F.Supp 873, 878 (W.D. Pa. 1993); Agresta v. City of Philadelphia, 694 F.Supp 117, 118 (E.D.Pa. 1988) and Martin v. Red Lion Police Dept., 146 F.App'x 558, 562, fn.3 (3d Cir. 2005). Accordingly, to the extent that Prospect Park Police Dept. is a defendant herein, it should be dismissed.

### C.   CHIEF MADONNA HAD NO PERSONAL INVOLVEMENT IN THIS INCIDENT AND SHOULD BE DISMISSED

It is abundantly clear from the factual allegations contained in Plaintiffs' Complaint that Chief Madonna was not present on the date of the incident when Officers entered the McKenna residence and there is no allegation that he directed that entry from afar or was otherwise involved in providing instructions or direction to the Officers on the scene. Accordingly, he had no personal involvement in this matter. Under Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988), the court held that a defendant in a civil rights action must have personal involvement in

the alleged wrongs and liability cannot be predicated upon respondeat superior.  Citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981).  The court went on to note that personal involvement can be shown through allegations of personal direction or actual knowledge and acquiescence, however, these allegations must be made with appropriate particularity.  Id. 1207.  See also Kocher v. Larksville Borough, 926 F.Supp.2d 579 (M.D.Pa  2013), affirmed 548 F.App'x. 813 (3d Cir. 2013).  In Kocher, the court held that a police chief in a borough in the Commonwealth of Pennsylvania is not a policymaker.

Accordingly, Police Chief David Madonna should be dismissed from this action.

**V.      CONCLUSION**

Moving Defendants respectfully request that Count VI of Plaintiffs' Complaint asserting claims against the Borough of Prospect Park, its police department and its Police Chief, David Madonna, be dismissed with prejudice.

        Respectfully Submitted,

        **HOLSTEN ASSOCIATES, P.C.**

BY:     **RPD2724**_____
        **ROBERT P. DIDOMENICIS, ESQUIRE**
        **Attorney ID No. 30482**
        **115 N. Jackson Street**
        **Media, PA  19063**
        **(610) 566-7583**
        rdidomenicis@holstenassoc.com
        **Attorney for Defendants, Chief David Madonna and Prospect Park d/b/a Prospect Park Police Dept.**

**CERTIFICATE OF SERVICE**

I, Robert P. DiDomenicis, Esquire, counsel for Defendants, Chief David Madonna and Prospect Park d/b/a Prospect Park Police Dept., state that a true and correct copy of the Motion for Dismissal Pursuant to Federal Rule of Civil Procedrue 12(b)(6) of Defendants, Prospect Park d/b/a Prospect Park Police Dept. and Chief David Madonna and supporting Memorandum of Law were served upon the following individuals via ECF filing system, this 13th day of September, 2022.

Gary Schafkopf, Esquire
Hopkins Schafkopf, LLC
11 Bala Avenue
Bala Cynwyd, PA  19004
    and
L. Anthony DiJiacomo, III, Esquire
Weisberg Law
7 S. Morton Avenue
Morton, PA  19070
Attorneys for Plaintiffs

Suzanne McDonough, Esquire
Holsten Associates, P.C.
115 N. Jackson Street
Media, PA  19063
Attorney for Ridley Township d/b/a Ridley Township
Police Dept. and Captain James Dougherty

Respectfully submitted,
**HOLSTEN ASSOCIATES, P.C.**

<u>**RPD2724**</u>
**ROBERT P. DIDOMENICIS, ESQUIRE**
**Attorney ID No. 30482**
**115 N. Jackson Street**
**Media, PA  19063**
**(610) 566-7583**
**rdidomenicis@holstenassoc.com**
**Attorney for Defendants, Chief David Madonna and**
**Prospect Park d/b/a Prospect Park Police Dept.**

8